DEFENDANT: SAMUEL I. BURSTYN
CASE NUMBER: 04-60279-CR-ZLOCH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **42 Months** as to Count Three of the Second Superseding Indictment.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons on or before 12:00 Noon on March 31, 2006.

The Court recommends a Federal facility in the State of Florida capable of treating defendant's substance abuse problems.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on __7/14/06__ to __FCI Bennettsville__

at __Bennettsville__, with a certified copy of this judgment.

By: _____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

FILED by _____ D.C.

# United States District Court
## Southern District of Florida
### FT. LAUDERDALE DIVISION

FEB 6 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | Case Number: 04-60279-CR-ZLOCH |
| SAMUEL I. BURSTYN | USM Number: 57143-004 |
| | Counsel For Defendant: Reid Weingarten, Esq. |
| | Counsel For The United States: J. Brian McCormick, Esq., AUSA |
| | Court Reporter: Carl Schanzleh |

The defendant pleaded guilty to Count Three of the Second Superseding Indictment.
The defendant is adjudicated guilty of the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy to obstruct justice | August, 2004 | Three |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
February 3, 2006

WILLIAM J. ZLOCH
Chief United States District Judge

February ___, 2006

**ALL PENDING MOTIONS ARE DENIED AS MOOT.**

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
y   BCoats
                Deputy Clerk
Date   2/6/2006

DEFENDANT: SAMUEL I. BURSTYN
CASE NUMBER: 04-60279-CR-ZLOCH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years** as to Count Three. Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit any federal, state or local crimes, shall be prohibited from possessing a firearm or other dangerous devices and shall not possess a controlled substance. In addition, the defendant shall comply with the standard conditions of supervised release that have been adopted by this Court together with the special conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: SAMUEL I. BURSTYN
CASE NUMBER: 04-60279-CR-ZLOCH

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

2. The defendant shall not apply for, solicit, or incur, any further debt, included but not limited to, loans, lines of credit, or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining written permission from the U.S. Probation Officer.

3. The defendant shall participate in an approved inpatient/outpatient mental health treatment program, as directed by the U.S. Probation Officer. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

4. The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused in writing by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U.S. Probation Officer.

5. The defendant shall obtain prior written approval from the U.S. Probation Officer before entering into any self-employment.

6. The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

7. The defendant shall participate in an approved treatment program for drug and/or alcohol abuse as directed by the U.S. Probation Officer, and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment, if deemed necessary. The defendant will contribute to the costs of services rendered (co-payment) in an amount determined by the U.S. Probation Officer, based on ability to pay, or availability of third party payment.

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

Page 5 of 6

DEFENDANT: SAMUEL I. BURSTYN
CASE NUMBER: 04-60279-CR-ZLOCH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $150,000.00 | $ |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SAMUEL I. BURSTYN
CASE NUMBER: 04-60279-CR-ZLOCH

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A. Lump sum payment of **$150,100.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

    Forfeiture of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement and the Consent to Forfeiture. The United States shall submit a proposed order of forfeiture within three days of this proceeding.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.